IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TIMOTHY ERIC RITESMAN, <br><br> Plaintiff, <br><br> vs. <br><br> LARRY PASHA (MSP SRGT), and LYNN GUYER (MSP WARDEN), <br><br> Defendants. | CV-19-71-H-BMM-JTJ <br><br> ORDER |

### INTRODUCTION

Plaintiff Timothy Eric Ritesman ("Plaintiff"), a Montana state prisoner proceeding pro se, initiated this action against the above-named Defendants under 42 U.S.C. § 1983. (Docs. 1, 2). United States Magistrate Judge John Johnston entered an Order and Findings and Recommendations in this matter on April 8, 2021. (Doc. 46). The Findings and Recommendations resolved several pending motions and recommended that this Court grant Defendants' motion for summary judgment. *Id.* No party has raised an objection to the Findings and Recommendations. Plaintiff filed a "Motion for Order to Show Cause" on the same day that the Court issued its Findings and Recommendations. (Doc. 45).

Plaintiff filed a "Notice to Withdraw" on April 20, 2021, purporting to withdraw his claims against Defendants in this matter. (Doc. 47). Defendants filed a response to Plaintiff's Notice to Withdraw, asking the Court to deny the Notice and adopt the Findings and Recommendations in full. (Doc. 48). Given that Plaintiff requires a Court order permitting the withdrawal of claims at this stage of the proceedings, Fed. R. Civ. P. 41(a)(2), the Court will treat Plaintiff's "Notice to Withdraw" as a Motion to Withdraw.

## LEGAL STANDARDS

A plaintiff voluntarily may dismiss an action without a court order by filing a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A). To effectuate a valid dismissal without a court order, the plaintiff must file the notice before the opposing party files an answer or summary judgment motion. Fed. R. Civ. P. 41(a)(1)(A)(i). Where, as here, the opposing party already has filed a summary judgment motion, and the parties do not stipulate to dismissal, the action only may be dismissed by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The Court reviews for clear error the Findings and Recommendations to which no party objected. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with

2

a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## DISCUSSION

### I. Defendants' Motion for Summary Judgment

Defendants move for summary judgment on numerous grounds, including failure to exhaust, failure to state a claim, and lack of supervisory liability. (Doc. 28). Judge Johnston determined in the Findings and Recommendations that summary judgment should be entered in Defendants' favor. (Doc. 46).

As to Defendant Guyer, summary judgment proved appropriate given Plaintiff's failure to exhaust his administrative remedies. *Id.* at 13. Summary judgment also was warranted in favor of Defendant Pasha. *Id.* Plaintiff asserted federal claims against Defendant Pasha under the Eighth and Fourteenth Amendments to the United States Constitution. *Id.* Judge Johnston found that the Eighth Amendment claim failed because Plaintiff did not meet his burden of showing that Defendant Pasha's conduct "exceeded the scope of what was required" to complete a legitimate, invasive search procedure. *Id.* at 15. Plaintiff's Fourteenth Amendment claim failed because neither Defendant Pasha, nor Defendant Guyer, had any role in the complained-of grievance process. *Id.* at 18.

The Court has reviewed the Findings and Recommendations for clear error. *McDonnell Douglas Corp.*, 656 F.2d at 1313. Having found no error, the Court

adopts the Findings and Recommendations in full. The Court will grant Defendants' Motion for Summary Judgment (Doc. 28).

## II.   Plaintiff's Motion to Withdraw

Given that Defendants have filed a motion for summary judgment in this matter, Plaintiff's claims only may be dismissed by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Court has reviewed and granted Defendants' summary judgment motion on the recommendation of Judge Johnston. A determination on the merits of this matter, therefore, already has been made. The Court thinks it improper to permit Plaintiff to withdraw his claims after a merits determination has been reached. Plaintiff's Motion to Withdraw (Doc. 47) is denied.

## III.   Plaintiff's Motion to Show Cause

Plaintiff's Motion to Show Cause—filed the same day that the Findings and Recommendation were entered—asks for a temporary restraining order against Defendant Pasha. (Doc. 45). The Court already has resolved this matter by entrance of summary judgment in favor of Defendants. Plaintiff's Motion to Show Cause (Doc. 45) is denied.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Defendants' Motion for Summary Judgment (Doc. 28) is **GRANTED**.

2. Plaintiff's Motion to Withdraw (Doc. 47) is **DENIED**.

3. Plaintiff's Motion to Show Cause (Doc. 45) is **DENIED.**

4. The Court declines to exercise supplemental jurisdiction over Plaintiff's Montana state law claims.

5. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

6. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

Dated this 27th day of May, 2021.

_____
Brian Morris, Chief District Judge
United States District Court